UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                  Plaintiff,

    -against-

SHUKHRATJON MIRSAIDOV,

                  Defendant.

---

22 Cr. 614 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Shukhratjon Mirsaidov's pro se motion to modify his sentence and impose a term of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion" or "Mot."), filed on June 30, 2025 [dkt. no. 105].  For the reasons set forth below, Defendant's Motion is DENIED.

## I.    Background

### a. Factual Background

In 2021, the Federal Bureau of Investigation ("FBI") began investigating how the assets of a business bank account, listed under the name Uzbekistan Airways (the "Company"), were being used to further an unlicensed money remittance scheme and launder criminal proceeds.  (Presentence Report ("PSR") ¶ 12).  During the investigation, the FBI discovered that the Company received money from shell companies involved in laundering proceeds from healthcare and insurance funds.  (PSR ¶ 13).

As an employee of the Company, Defendant participated in the scheme by processing checks derived from healthcare and medical insurance fraud schemes and using funds from the Company Bank Account, generated from the sale of airline tickets for the Company, to process transactions with those seeking unlawfully to launder funds.  (PSR ¶ 42).  Defendant had access to and shared control of the Company Bank Account, was one of two signatories on the Company's Bank Account, and acquired checks from shell companies involved in healthcare and insurance fraud schemes in exchange for cash.  (PSR ¶¶ 13-14).

On November 9, 2022, a grand jury returned an indictment charging Defendant with (i) conspiracy to operate an unlicensed money transmitting business; (ii) operation of an unlicensed money transmitting business; (iii) conspiracy to commit money laundering; and (iv) money laundering.  (Indictment, dated November 9, 2022 [dkt. no. 16]).

On May 30, 2024, Defendant pleaded guilty to Count Three, conspiracy to commit money laundering, in violation 18 U.S.C. § 1956(a)(1)(B)(i).  (PSR ¶ 7).  Defendant's total offense level was 21, and his criminal history category was I, resulting in a Sentencing Guidelines range of 37 to 46 months.  (PSR ¶ 96).  On December 17, 2024, this Court sentenced Defendant to a sentence of one year and one day of imprisonment.  (Judgment, dated December 17, 2024 [dkt. no. 95 at 2]).  Defendant's projected release date

2

is December 24, 2025.[1]  As of December 1, 2025, Defendant is 47 years old and is housed at FCI Allenwood Low.[2]

### b. The Instant Motion

On June 30, 2025, Defendant filed a motion to impose a term of supervised release pursuant to 18 U.S.C. § 3582(c)(1)(A) so that Defendant could earn credit toward early release under the First Step Act. See 18 U.S.C. § 3632(4)(A). (Mot. at 1, 3).  On August 22, 2025, the Government opposed the Motion.  (Gov't Resp. [dkt. no. 107]).  On September 16, 2025, Defendant replied.  (Def. Reply [dkt. no. 108]).

## II.  Applicable Law

Generally, a district court may not modify a term of imprisonment except as permitted by statute or the Federal Rules of Criminal Procedure.  See 18 U.S.C. § 3582(c).  However, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, permits a district court to modify a sentence upon the defendant's motion provided that either (i) the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a [sentence modification] motion on the defendant's behalf" or (ii) 30 days have lapsed since the warden of the

---

[1]    Federal    Bureau    of    Prisons    Inmate    Locator, https://www.bop.gov/mobile/find_inmate/index.jsp
[2] Id.

3

defendant's facility has received a request for the Bureau of Prisons to bring such a motion.   18 U.S.C. § 3582(c)(1)(A).

After a defendant satisfies one of these threshold exhaustion requirements, a district court may, "after considering the traditional sentencing factors set forth in section 3553(a)," modify a sentence where (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(1)(A); United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021).   "The burden of showing that the circumstances warrant a sentence reduction is on the defendant." United States v. Fernandez, 104 F.4th 420, 427 (2d Cir. 2024).

## III. Discussion

The Court DENIES Defendant's request to add a term of supervised release to his sentence because (i) Defendant has not exhausted his administrative remedies; (ii) Defendant fails to show that extraordinary and compelling reasons for sentence modification exist; and (ii) the factors set forth in 18 U.S.C. 3553(a) do not support such a sentence reduction.   The Court will address each basis in turn.

### a. Exhaustion of Administrative Remedies

"Section 3582(c)(1)(A) imposes 'a statutory exhaustion requirement' that 'must be strictly enforced.'"   United States v. Perez, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020) (quoting United

4

States v. Monzon, 611 F. Supp. 3d, 3 (S.D.N.Y. Feb. 4, 2020)); see also United States v. Colón, No. 23 Cr. 00261-6 (NSR), 2025 WL 3062905, at *1 (S.D.N.Y. Nov. 3, 2025) ("The exhaustion requirement is mandatory and not subject to judicial waiver.").

Here, the Government correctly notes that there is no indication that Defendant exhausted his administrative remedies before filing the Motion.  (Gov't Resp. at 5 n.3).  Indeed, Defendant does not appear to dispute that he failed to submit any such request for the Federal Bureau of Prisons to bring a motion on Defendant's behalf, let alone appeal the Bureau of Prisons' denial through the administrative process.  Rather, Defendant suggests that an administrative request to the BOP would have been "futile" because "the BOP does not possess any executive or judicial authority to impose a term of supervised release." (Def. Reply at 1.)

Defendant misreads the exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A).  True, the statute does not permit the BOP unilaterally to impose a term of supervised release or otherwise modify a sentence.  But the statute does permit the BOP to request that a court modify a sentence on a defendant's behalf.  This is the administrative action that the BOP is statutorily empowered to take, and that a defendant must therefore request, before a defendant may bypass the BOP to bring such a motion in his own right.  In fact, the BOP has set forth a detailed administrative

5

process for incarcerated defendants to make such requests. See 28 CFR § 571.61(a) (providing that "[a] request for a motion under . . . [§] 3582(c)(1)(A) shall be submitted to the Warden" and outlining procedural requirements). 28 CFR § 571.63, in turn, outlines a defendant's administrative appeal options if the initial request is denied. Alternatively, if the BOP fails to respond to a defendant's request altogether, 18 U.S.C. § 3582(c)(1)(A) permits the defendant to bring a motion directly following the lapse of 30 days.

In either case, the defendant must first request that the BOP bring a sentence reduction motion of the defendant's behalf. Here, Defendant did not do so. For that reason alone, the Court must deny Defendant's motion. See Colón, 2025 WL 3062905, at *1.

### b. Extraordinary and Compelling Reasons

Even if Defendant exhausted his administrative remedies, Defendant still fails his burden to demonstrate that "extraordinary and compelling reasons" warrant a sentence modification. The Sentencing Guidelines describe the circumstances that could amount to "extraordinary and compelling reasons" that warrant a modification. U.S.S.G. § 1B1.13(b); United States v. Jackson, No. 21 Cr. 537 (LTS), 2024 WL 4826466, at *3 (S.D.N.Y. Nov. 19, 2024). These circumstances include (i) age, (ii) medical circumstances, (iii) family circumstances, and (iv) whether the defendant is a victim of abuse. U.S.S.G. § 1B1.13(b);

6

Jackson, 2024 WL 4826466, at *3. Additionally, the Guidelines include a "catch-all provision, which provides that any other circumstance or combination of circumstances similar in gravity to the reasons specified in . . . Section 1B1.13(b)" Id. (internal quotations omitted).

Here, Defendant claims that extraordinary and compelling reasons exist because the Court imposed a sentence based on the assumption "that [Defendant] would likely be deported after imprisonment." (Mot. at 7.) Defendant does not appear to dispute that he is likely to be deported but contends that he is not currently subject to a final order of removal. Id. Furthermore, Defendant argues that being incarcerated for an extended period due to his immigration status is "similar in gravity" to an extenuating family situation or medical condition, as outlined in U.S.S.G. § 1B1.13(b), and warrants reduction accordingly. (Mot. at 8.).

Defendant's arguments fail because the immigration status of a defendant (and whether a defendant has received a final order of removal) does not constitute an "extraordinary or compelling reason" warranting reduction. In fact, the Sentencing Guidelines advise courts not to impose a term of supervised release when the defendant is a "deportable alien" who "will likely be deported after imprisonment." See U.S.S.G. 5D1.1(c) (emphasis added). Whether a defendant has received a "final" order of removal is

7

irrelevant; what matters is whether the post-release deportation is "likely."

Here, Defendant does not seriously dispute that he is likely to be deported; indeed, Defendant seeks to reduce his sentence to "go into ICE immigration custody sooner." (Mot. at 4). Imposing a term of supervised release on the Defendant would make little practical sense, given that the Court will soon lack the ability or jurisdiction to supervise Defendant's activities outside the United States. See United States v. Ahmad, No. 05 Cr. 00019-DC, 2021 WL 3550229, at *2 (S.D.N.Y. Aug. 10, 2021)("[I]f Ahmad were released, he would be deported to Afghanistan, where he could resume his criminal operations without supervision from this Court."); see also United States v. MacCallum, 511 F. Supp. 3d 419, 428 (W.D.N.Y. 2021) ("But if deported to Canada, MacCallum will be unsupervised, and thus the effective prison sentence he will have served is just over 45 months with no supervised release to follow.").

In short, the Court correctly refused to impose a term of supervised release at sentencing in view of Defendant's likely deportation. The fact that Defendant has not yet received a "final order of removal" does not alter that analysis. Defendant therefore fails to show any extraordinary or compelling circumstances to warrant a sentence reduction.

### c. Section 3553(a) Factors

8

Because Defendant's "motion fails on the exhaustion and extraordinary and compelling circumstance requirements," the Court need not assess whether the § 3553(a) factors counsel against a modification of Defendant's sentence. Colón, 2025 WL 3062905, at *3 (internal quotations omitted). However, even if Defendant succeeded in meeting the exhaustion and extraordinary and compelling circumstances requirements, the traditional § 3553(a) sentencing factors would still counsel against a modification of Defendant's sentence.

In general, 18 U.S.C. § 3553(a) requires the Court to consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the appropriate purposes of punishment; (3) the kinds of sentences available; (4) the sentencing guidelines range; (5) any policy statement by the Sentencing Commission; (6) avoiding disparate sentences among similarly situated defendants; and (7) the need to provide restitution." United States v. Castillo, 545 F. Supp. 3d 104, 105-06 (S.D.N.Y. 2021).

In this case, Defendant was sentenced less than a year ago, and the § 3553(a) factors that supported the Court's initial sentence remain unchanged. The Court concluded that Defendant's laundering of fraud proceeds constituted a serious offense and recognized the need to promote general deterrence, "particularly in schemes like this that are difficult to uncover." (Dkt. no. 96

9

at 12-13). While the Sentencing Guidelines called for a sentence of 37 to 46 months' imprisonment (PSR ¶ 96), the Court nonetheless imposed a below-guidelines sentence of one year and a day's worth of imprisonment, in part because of Defendant's four children and family responsibilities. (Dkt. no. 96 at 13).

In the time since Defendant was sentenced, none of these factors has changed.[3] Thus, the § 3553(a) factors also do not support a modification of Defendant's sentence.[4]

---

[3] Moreover, to the extent that adding a term of supervised release would incentivize Defendant to participate in rehabilitative programming during the remainder of Defendant's sentence, "[c]ourts in this District have consistently held that positive institutional conduct and program participation, though commendable, are expected, not exceptional." United States v. Williams, No. 17-CR-506-2 (NSR), 2025 WL 3124670, at *2 (S.D.N.Y. Nov. 7, 2025) (internal quotations omitted).

[4] In his Reply, Defendant also asserts, for the first time, that the Court can award Defendant relief pursuant to 28 U.S.C. § 2255. Specifically, Defendant argues that the Court can construe the Motion as a "claim of ineffective assistance of counsel, based on counsel's failure to object to the non-imposition of any term of supervised release." (Def. Reply at 2-3).

The Court need not address this argument, as Defendant has raised it for the first time in a reply brief. See Farmer v. United States, No. 12-CR-758 (AJN), 2017 WL 3448014, at *3 (S.D.N.Y. Aug. 10, 2017) ("Courts have repeatedly held that arguments raised for the first time in reply briefs are waived, and courts have routinely applied this rule to pro se litigants."). In any event, Defendant's ineffective assistance arguments are meritless. The Court has already explained why supervised release was improper to impose given Defendant's likely deportation, and any objection from defense counsel would not have altered the Court's decision. Counsel's performance was neither deficient nor prejudicial to the Defendant. See Garner v. Lee, 908 F.3d 845, 861 (2d Cir. 2018).

## IV.    Conclusion

For the reasons set forth above, Defendant's Motion is DENIED. The Clerk of the Court shall close dkt. no. 105 and mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:    New York, New York
          Dec. 3, 2025

_____
LORETTA A. PRESKA
Senior United States District Judge

11